UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LARRY STEVESON, a Washington citizen,

    Plaintiff,

    v.

UNITED SUBCONTRACTORS, INC., a Utah corporation doing business in the State of Washington,

    Defendant.

Case No. C08-5558FDB

ORDER GRANTING DEFENDANT'S FED. R. CIV. P. 12(b)(6) MOTION TO DISMISS COMPLAINT

This is a cause of action for breach of an employment contract, intentional withholding of wages, and for declaratory relief. Defendant (hereafter USI) is a business involved in the installation of residential and commercial insulation systems and a variety of complementary products and services. (Complaint ¶ 5.) Plaintiff asserts in his Complaint that "USI agreed to employ the plaintiff as a sales representative in Washington for an indefinite term and to only terminate the plaintiff for 'just cause.'" (Complaint ¶ 6.) Plaintiff further asserts that in June 2008, USI told him that the Interwest Industries branch of USI in Tacoma was merging with the Burnham Insulation and Shelving (BIS) branch of USI in Redmond, and also told him that he must sign an all new employment agreement with BIS or be fired from the position he held since 2002; Plaintiff also asserts that the new position offered by BIS was for less pay and formally changed plaintiff's employment status to terminable at will. (Complaint ¶¶ 7 & 8.) Plaintiff states in his Complaint that

ORDER - 1

1  he was terminated on June 20,2008 for the reason that he refused to void the 2002 employment
2  agreement and to sign a new employment agreement with BIS. (Complaint ¶ 10.) Plaintiff
3  complains that USI has never provided him with proof that his termination was for just cause.
4  (Complaint ¶ 11.)

Plaintiff's First cause of action for breach of contract asserts that USI breached the contract when it fired him without just cause in June 2008; Plaintiff's Second cause of action asserts that USI's willful failure to pay him his compensation and benefits after June 20, 2008 violates RCW 49.52.050; and Plaintiff's Third cause of action for declaratory relief asks the Court to hold that the covenant not to compete is unreasonable, violates public policy and is null, void and unenforceable by the defendant as a matter of law under the circumstances. (Complaint pp. 4 – 5.)

USI moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) arguing that all counts in Plaintiff's Complaint fail to state a claim upon which relief can be granted.

## STANDARD OF REVIEW FOR 12(b)(6) MOTION

A party may move to dismiss claims for failure to state a claim upon which relief can be granted where a plaintiff is entitled to no relief under any set of the facts that could be proven. Fed. R. Civ. P. 12(b)(6). A 12(b)(6) motion "tests the legal sufficiency of the claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In ruling on a 12(b)(6) motion, a court may generally "look only at the face of the complaint." *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). Nevertheless, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss. Such consideration does not convert the motion to dismiss into a motion for summary judgment." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994)(*overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1127 (9th Cir. 2002)). In ruling on a 12(b)(6) motion, a court must accept all well-pleaded factual allegations in the complaint as true and resolve all reasonable inferences in the plaintiff's favor. *Balistreri v.*

ORDER - 2

*Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Dismissal may be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Id.*

**DISCUSSION**

*Applicable Law*

Under Washington law, a contract for employment is subject to the same rules that govern the construction of other contracts. *Comfort & Fleming Ins. Brokers, Inc. v. Hoxsey*, 613 P.2d 138 (Wash. Ct. App. 1980). A contract should be interpreted in a way that makes all provisions meaningful and consistent. *See Brobeck, Phleger & Harrison v. Telex Corp.*, 602 F.2d 866, 871 (9th Cir. 1979)("We seek to interpret the contract in a manner that makes the contract internally consistent."). No extrinsic, or parol, evidence may be considered by a court to vary the terms of an unambiguous contract. *Hearst Commc'ns, Inc. v. Seattle Times*, 115 P.3d 262, 266 (Wash. 2005(surrounding circumstances and other extrinsic evidence are not to be used to "show an intention independent of the instrument or to vary, contradict or modify the written word"). "A contract is not made ambiguous simply because the parties fail to agree on its interpretation." *Port of Portland v. Water Quality Ins. Syndicate*, 796 F.2d 1188, 1194 (9th Cir. 1986). "When a written, integrated contract, considered as a whole, is clear and unambiguous on its face, '[i]t is the duty of the court to declare the meaning of what is written, and not what was intended to be written'." *Meyer v. Consumers Choice, Inc.*, 89 Wash. App. 876, 880 (1998)(internal citation omitted).

*Pertinent Provisions of Employment Agreement*

The pertinent parts of the Employment Agreement are as follows:

Paragraph 3 of the Parties' Employment Agreement (Agreement) entitled "**Term**" states:

> This Employment Agreement shall begin on 21 January 2002, and shall be terminable *at will* by either signatory in accordance with the notice provisions of Paragraph 10 of this Agreement.

(Agreement, ¶ 3., emphasis added.)

Paragraph 10, concerning "**Termination of Employment**" has four sub-paragraphs

ORDER - 3

providing before the parties' modified ¶ 10.a., that USI could terminate employees (at 10.a..) without cause or (at 10.b.) for cause, and (at 10.c.) that the employee may terminate his/her employment with or without cause, and (at10.d.) an exit interview was provided for after an employee's termination for any reason. The parties modified ¶ 10.a. to change "without cause" to "just cause." Each of the termination provisions provides for notice: "just cause" effective on seven days notice and for "cause" effective immediately. "Cause" is defined at ¶ 10.b., but "just cause" is not defined.

Paragraph 11.a. – h. provides for an 18-month non-competition period whether the termination was with or without cause.

Paragraph 28.b. provides that changes and modifications to the Agreement must be made in writing and signed or initialed by all signatories to the Agreement. The signatories initialed the change aforementioned in accordance with the Agreement.

Paragraph 28.e. provides that titles of paragraphs and subparagraphs of the agreement are provided for convenience of reference and "such titles or captions are not intended to define, limit, extend, explain, or describe the scope or extent of this Agreement or any of its terms, provisions, representations, warranties, or conditions in any manner or way whatsoever."

### *Analysis and Conclusion*

The Employment Agreement is terminable at will, pursuant to Paragraph 3, and this was not changed by the parties. Paragraph 3 is clear and unambiguous: "This Employment Agreement shall begin on 21 January 2002, and shall be terminable at will by either signatory in accordance with the notice provisions of Paragraph 10 of this Agreement."

The notice required for termination by the employer with "just cause" is seven days and for "cause," effective immediately. There is no notice provision for terminations without cause.

When Steveson was terminated from his employment, his termination was subject only to the applicable notice provision. Steveson argues that he was fired from his position without "just cause" and that USI, therefore, breached the Employment Agreement. USI, did not, however, breach the

ORDER - 4

Employment Agreement, because the Employment Agreement was terminable at will by either party. USI gave seven days notice to Steveson although there is no notice provision for a termination without cause. There was no breach of the Employment Agreement.

Steveson's Second Cause of Action for intentional withholding of compensation owing to the alleged breach of the Employment Agreement must be dismissed because there was no breach, and also because RCW 49.52.050 is intended to ensure that employees are paid all wages earned for work performed, not to remedy breaches of contract. *See Schilling v. Adio Holdings, Inc.*, 961 P.2d 371, 375 (Wash. 1998).

Steveson's Third Cause of Action for declaratory and injunctive relief that he is no longer obligated to comply with the covenant not to compete because USI terminated him without just cause must be dismissed. As stated earlier, USI did not need just cause under the Employment Agreement to terminate Steveson. Moreover, the Employment Agreement specifically contemplates the application of covenant not to compete following a termination with or without cause: "During his or her employment with USI and for a period of eighteen (18) months immediately following termination of such employment, whether by termination by USI *with or without cause* or otherwise, the EMPLOYEE shall not, ...." (Employment Agreement, ¶ 11. (Emphasis added).)

Accordingly, USI's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) will be granted.

NOW, THEREFORE, IT IS ORDERED: Defendant United Subcontractors, Inc. Fed. R. Civ. P. 12(b)(6) Motion To Dismiss Complaint [Dkt. # 8] is GRANTED, and this cause of action is DISMISSED WITH PREJUDICE.

DATED this 2nd day of December, 2008

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 5